D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | Adv. Case No. 8:25-ap-01022-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>ANNA RODEN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendant(s). | DECLARATION OF TONY DIAB IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANNA RODEN AND REQUEST TO DISMISS DOE DEFENDANTS<br><br>[NO HEARING REQUIRED PURSUANT TO RULE 9013-1(O) OF THE LOCAL BANKRUPTCY RULES] |

1

DECLARATION OF TONY DIAB

4901-5840-3205,v.1

# Declaration of Tony Diab

I, TONY DIAB, say and declare as follows:

1.      At all relevant times I was an individual residing in the State of California. I have personal knowledge of the matters set forth herein and if called as a witness in this matter, I could and would testify competently thereto.

2.      The Litigation Practice Group, P.C. ("LPG") was a law firm that provided consumer debt resolution. LPG serviced more than 65,000 customers across the United States.

3.      I owned, operated, dominated, and controlled LPG.

4.      The consumers that retained LPG to represent them would pay over a period of time via monthly ACH debits from their bank accounts. The monthly payments were meant to cover all legal services LPG provided to the consumers. However, LPG mismanaged the consumers' monthly payments.

5.      LPG collected ACH debits in the range of $250,000,000. The ACH debits should have been deposited into an IOLTA account until earned. Notwithstanding this requirement, substantially all of LPG's ACH debits were either deposited into LPG's operating account or transferred to non-debtor entities, insiders, affiliates, marketing companies and co-conspirators, including but not limited to: 1) $77 million to BAT through June of 2022; 2) substantial amounts were paid to marketing and affiliate companies, some of which I controlled and/or was an insider of; 3) substantial business expenses paid in cash; 4) payments for unnecessary and unrelated personal luxury expenses; and 5) other fraudulent transfers to myself and my co-conspirators and other insiders and their affiliated entities for their role in the fraudulent scheme. All of which rendered LPG insolvent requiring LPG to continue to improperly sell ACH debits multiple times over, and to incur new debt in a "Ponzi Scheme" to finance LPG's continued and extravagant existence.

6.      LPG's consumers paid fees to LPG over a period of time, ranging from 12 to 36 months, through monthly debits from their bank accounts. The monthly debits were controlled by myself, LPG, and, at times, other entities over whom I had control, influence and/or had conspired to continue to obtain and direct funds from LPG's consumers. Each set of payments received or due by a consumer is referred to as an "ACH debit" or "ACH Receivables."

/ / /

2
DECLARATION OF TONY DIAB

4901-5840-3205,v.1

7. Because LPG and its marketing affiliates received only incremental payments over time, LPG would often transfer the future cash flow of consumer payments or work with the marketing affiliates receiving a portion of the monthly consumer payments to transfer their future cash flow to investors, as well as to MCA Lenders/factoring companies, at a discounted rate. The companies that received the ACH Receivables from LPG or its marketing affiliates on account of these files often received a return equal to the difference between the amount the clients owed on the file and the amount paid for the file or a percentage thereof. At all relevant times, LPG understood that the receivables being transferred by LPG or by a marketing affiliate of LPG were LPG receivables that consisted of LPG client payments pursuant to agreements the clients had with LPG.

8. LPG transferred ACH Receivables and the associated client files in this fashion to defraud creditors in a pyramid scheme and for improper personal gain.

9. LPG's primary asset, its right to receive monthly revenue from client files, was primarily received via ACH payments. To process ACH payments, LPG was required to enlist the services of ACH payment processing companies who handle high risk transactions. In this regard, I had enlisted numerous ACH processing companies to easily switch between different vendors and have millions of dollars of LPG funds directed to entities I controlled, including but not limited to Vulcan Consulting Group ("Vulcan"), Maverick Management Group LLC ("Maverick"), Prime Logix, LLC ("Prime Logix"), LGS Holdco, LLC ("LGS"), and/or BAT Inc. d/b/a Coast Processing ("Coast Processing"). I utilized these other entities' bank accounts as LPG bank accounts.

10. The ACH processing companies LPG used, which I had control over, included, but were not limited to, EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited; Marich Bein; R3volve; FIS; BCB Bank; and Guardian.

11. The largest investor to have purchased LPG ACH Receivables on account of LPG's client files is Validation Partners, LLC ("Validation Partners"), an entity over which I had substantial control.

12. Between August 30, 2021, and August 17, 2022, Validation Partners spent $66,000,000 to purchase Accounts Receivables from LPG and 58 of LPG's marketing affiliates. In total, Validation Partners purchased over 40,000 accounts from LPG and its affiliates with a total future value greater than $400,000,000.

3

DECLARATION OF TONY DIAB

13. Pursuant to the asset purchase agreement between LPG and Validation Partners, I instructed Validation Partners to deposit a portion of the funds generated by the sale of Accounts Receivable into the LPG account.

14. I also instructed other lenders and file purchasers to divert LPG loan proceeds or to deposit money otherwise due to LPG into bank accounts I controlled on behalf of LPG but ostensibly held by Vulcan, Maverick, Prime Logix, LPG and/or Coast Processing. I used all of these proceeds as if they were LPG funds, because they were.

15. I also instructed Validation Partners to directly utilize LPG Accounts Receivables and transfer those funds to various affiliates and/or make deposits into LPG accounts.

16. LPG's ACH Receivables were the primary, if not exclusive source of funds, for Validation Partners, Vulcan, Oakstone Law Group, P.C. ("Oakstone"), PECC, Corp. ("PECC"), Prime Logix, Coast Processing, LGS, and Maverick. The other sources of funds for these entities are the proceeds of LPG assets (i.e., file purchase account receivable proceeds) or constitute loan proceeds for which LPG alone was liable.

17. I frequently diverted the LPG money pulled from its consumer clients and other funds it received through investors and lenders, to and through these entities. I frequently would direct these entities to pay affiliates (aka marketing cappers), MCA lenders, and others with LPG assets. I would instruct others at LPG and these entities on how to manage and transfer these funds to and from these entities and LPG interchangeability.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 1, 2026.

TONY DIAB

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF TONY DIAB IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANNA RODEN AND REQUEST TO DISMISS DOE DEFENDANTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 12 , 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest     adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- ATTORNEYS FOR PLAINTIFF: Chad V Haes     chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com;spineda@marshackhays.com;ldinkins@marshackhays.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays     ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- INTERESTED PARTY: Brandon J. Iskander     biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- PLAINTIFF: Richard A Marshack (TR)     pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 12 , 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Defendant** | **Defendant** |
|---|---|
| Anna Roden | Anna Roden |
| 15650 Galaxie Ave, Apt 2206 | 900 Whitney Dr |
| Saint Paul, MN 55124 | Saint Paul, MN 55124-9135 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 12 , 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Via Personal Delivery**
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 12 , 2026 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                       **F 9013-3.1.PROOF.SERVICE**